JOHN BRIGGS & others *vs.* CITY OF BOSTON.

Suffolk. March 4, 1918. — May 23, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Eminent Domain. Boston Transit Commission. Damages,* For property taken or impaired under statutory authority.

On a petition under St. 1902, c. 534, § 8, by the lessee of a certain building on Washington Street in Boston for damages sustained in the construction of the Washington Street tunnel, apart from the compensation for the taking, by reason of being deprived of the use of the basement of the building during a substantial period of time and compelled to remove his goods from the basement during such period, it appeared that the petition was filed more than a year after the taking (by the filing of such taking in the registry of deeds) of a horizontal section of the property, the upper plane of which was two inches above the floor of the basement as it then was, that the basement floor was removed and afterwards was replaced at a new level above the taking, when the petitioner resumed his occupancy of the basement, and that during a substantial period of time while the portion of the tunnel under the basement was being constructed the transit commission for the purposes of such work occupied the whole of the basement. There was no evidence that any property was "injured" as distinguished from having been "taken" within the meaning of the statute. *Held,* that the use of the portion of the space within the basement above the plane of the taking was a necessary incident of the taking, and that the right to damages for such use was barred, because the petition was not filed

within one year after the property of the petitioner was "so taken or injured" within the requirement of § 8 of the statute.

PETITION, filed on June 4, 1907, under St. 1902, c. 534, § 8, by the lessees of the building numbered 14–16 on Washington Street in Boston for damages for the petitioners' loss of occupancy of the basement of that building and the cost of the removal of their goods therefrom by reason of the acts of the Boston transit commission in connection with the taking of a horizontal section of the property for the purpose of constructing the Washington Street tunnel.

The respondent's answer alleged that the petition was not brought within the time provided by statute for the bringing of petitions for the taking of property by the Boston transit commission, and that the petition was not brought in the manner and form provided by statute for the bringing of petitions to recover such damages as alleged, and further alleged that, if any property of the petitioners had been taken as set forth in the petition, it had been paid for in full.

In the Superior Court the case was tried before *Dana*, J. The facts shown by the evidence are stated in the opinion.

The petitioners contended that the occupation by the Boston transit commission of that part of the basement not included within the taking was a separate and distinct act by the transit commission affecting the property of the petitioners in that it prevented them from using and enjoying that portion of the premises not included within the taking, and that the transit commission by so depriving them of the use of that portion of their premises had caused an injury to their property within the meaning of St. 1902, c. 534, for which they were entitled to damages separate and distinct from any damages caused by the taking.

At the close of the evidence the petitioners asked the judge to rule as follows:

"1. On all the evidence the petitioners are entitled to recover.

"2. The entry upon and occupation of the premises under lease to the petitioners by the Boston transit commission in connection with the construction of the Washington Street tunnel, so called, under St. 1902, c. 534, was an injury to the property of the petitioners within the meaning of said chapter 534, for which they are entitled to compensation and for which the respondent is liable under the provisions of said chapter 534.

"3. The petitioners' right of action for injury to their leasehold estate is separate and distinct from any right of action of the owners for the taking or injury of the owners' estate in the same premises.

"4. The petition in this case having been filed within one year from the time when the Boston transit commission began to occupy the petitioners' premises in connection with said tunnel construction, was seasonably filed under the provisions of St. 1902, c..534."

The judge refused to make any of these rulings and ruled as follows:

"1. That the petition is not improperly brought by reason that it is brought in the name of the leaseholders.

"2. That the petitioners are not entitled to recover because the petition was not brought within one year from the date of taking.

"3. The petitioners, as matter of law, cannot recover any damages resulting from the taking of the land for the construction of the tunnel or any damages resulting as a necessary incident or consequence of such taking; that the occupation by the transit commission of the portion of the basement above the upper plane of the taking for the purpose of constructing the tunnel was incident to the taking and a consequence of it; and that all damage for such occupation of the premises above said plane of taking would be recoverable as damage consequent upon the taking."

The judge made the following finding of fact: "The petitioners suffered no appreciable injury by the occupation or use of the one hundred and eight square feet of the area of the basement not included within the lines of the taking. The judge found for the respondent; and the petitioners alleged exceptions.

*B. Corneau,* for the petitioners.

*G. A. Flynn,* for the respondent.

RUGG, C. J. This is a petition brought by the lessees of an entire building on Washington Street in Boston, to recover damages for the injury to a part of their leasehold estate by the Boston transit commission. In the building was a basement, which was used by the petitioners for storage purposes. By virtue of statutory authority, the transit commission took on May 17, 1906, the portion of this building lying between horizontal planes of division, the upper plane being approximately two inches above

the basement floor as it then was. On June 15, 1906, the petitioners were notified by the transit commission to vacate the basement and to remove their goods therefrom, and they immediately complied with the notice. The respondent admits that the transit commission, for the purposes of the public work imposed on it of building a tunnel in Boston, occupied the whole of the basement for a substantial period of time. The basement floor was removed and replaced in the course of building the tunnel beneath the leased premises. Thereafter the petitioners resumed occupancy of the basement. In May, 1907, the present petitioners assigned to the owners of the estate, for a substantial consideration, their claims for damages arising by reason of the taking or by reason of any work done under or in connection therewith. The owners brought a petition to recover their damages and a settlement has been made of that claim.

The present petitioners now seek to recover damages for the loss of occupancy of their basement and the cost of the removal of their goods, contending that that is an injury to them outside of the taking. The main question is whether this petition was seasonably brought.

Ample power is conferred by St. 1902, c. 534, § 6, upon the transit commission to make whatever takings, qualified or in fee, are necessary to carry out the undertaking entrusted to them. It is provided by § 8 that petitions for the assessment of "damages sustained by any person by reason of property taken or injured by the commission under authority of this act" must be filed "within one year after such property is so taken or injured."

The allegations of this petition in effect are that the occupancy of the horizontal plane lying between the ceiling of the basement and the plane bounding the upper limit of the taking, which was two inches above the floor of the basement, was under the authority of the statute. It is manifest that the only right conferred upon the commission by the taking began when the instrument of taking was filed. The rights of the petitioners to damages, so far as they grow out of the taking either directly or incidentally, accrued on that date and are barred, because this petition was not filed until after the expiration of one year from the taking. If the use of the portion of the space within the basement which lay outside the plane of taking was a necessary inci-

dent of the taking, then the right to damages is barred. If that use was not authorized by the act, then there is no remedy by petition under the act.

The petition does not set out any facts showing that property has been "injured" as distinguished from having been "taken," as these words are used in the act. Without discussing the nature of an injury to property, for which under the act a petition may be filed within one year thereafter, it is enough to say that the facts alleged in this petition fail to disclose that any property has been injured by the commission under the authority of the statute as distinguished from property injured by a. taking or injured by acts outside the authority of the statute. See *Turner* v. *Gardner*, 216 Mass. 65, 71.

*Exceptions overruled.*